UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lorendo Mobley,                                  Civil No.:   14cv646 (DSD/SER)

        Petitioner,

v.                                               **REPORT AND RECOMMENDATION**

United States of America,

        Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.     BACKGROUND**

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); *Rothstein v. Pavlick*, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota serving a 229-month prison sentence that was imposed by the United States District Court for the Southern District of Alabama. Petitioner's sentence stems from the criminal case identified as *United States v. Mobley*, No. 1:02-cr-153-CG-D, [hereafter "the Alabama criminal case"]. The trial court record for the Alabama criminal case is accessible to this Court through the federal judiciary's record keeping procedure known as "Case Management/Electronic Case Filing," or "CM/ECF."

The Alabama criminal case record shows that in 2002 a federal jury found Petitioner guilty on one count of conspiracy to possess and distribute crack cocaine, and two counts of possessing a firearm in connection with a drug-related crime. He was sentenced to 169 months in prison on the controlled substance offense, plus 60 months for the first firearm offense, to be served consecutively. Petitioner also was sentenced to 120 months in prison for the second firearm offense, but that sentence was made concurrent with the sentence imposed for the controlled substance offense. Thus, Petitioner's aggregate prison sentence was 229 months.

Petitioner's sentence also included a five-year term of supervised release for the controlled substance offense, a five-year term of supervised release for the first firearm offense, and a three-year term of supervised release for the second firearm offense. All of Petitioner's supervised release terms were concurrent, so his aggregate term of supervised release is five years.

After his conviction and sentencing, Petitioner filed a direct appeal in the Eleventh Circuit Court of Appeals, but his appeal was unsuccessful. In 2007, Petitioner filed a motion in the trial court, seeking post-conviction relief under 28 U.S.C. § 2255 which was summarily dismissed, because it was untimely.[2] The record in the Alabama criminal case shows that Petitioner has filed

---

[2] The order denying the § 2255 motion is dated September 12, 2007, and recorded as Docket No. 106 in the Alabama criminal case. The order shows that judgment was entered in the

several other motions in that case seeking various forms of relief, but it appears that all of those motions have been denied.

Petitioner's current habeas corpus petition challenges his Alabama criminal.  He contends that his five-year term of supervised release should have been made concurrent with his prison sentence, because "[i]t's the discretion of the District Court to run supervised release sentences concurrent."  (Petition, p. 7, § 13, "Ground One.")  The Court finds, however, that Petitioner's current challenge to his sentence in the Alabama criminal case cannot be asserted in a § 2241 habeas corpus petition.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005).  Subsection 2255(e) provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

---

Alabama criminal case on June 4, 2003, and Petitioner's conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals on March 24, 2004.

In effect, a motion brought pursuant to § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence that motion must be made to the trial court. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (*per curiam*), quoting 28 U.S.C. § 2255. *See also Von Ludwitz v. Ralston*, 716 F.2d 528, 529 (8th Cir. 1983) (*per curiam*) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (*Abdullah*, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is apparent that Petitioner is challenging his Alabama criminal sentence. He claims that the supervised release term of his sentence should be concurrent with his prison term. Because Petitioner is challenging the propriety of his sentence, § 2255's exclusive remedy rule bars his current habeas corpus petition unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he previously filed a § 2255 motion in 2007. Any new request for § 2255 relief that would have to be treated as a "second or

successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), the trial court could not entertain without prior approval by the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also Boykin v. United States*, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because Petitioner has not obtained a pre-approval order from the Eleventh Circuit Court of Appeals, the trial court judge could not now entertain a new § 2255 motion. *Id.* Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the convicting and sentencing court.

Furthermore, any § 2255 motion that Petitioner might attempt to bring before the trial court currently would be time-barred pursuant to the one-year statute of limitations. 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Petitioner might believe that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, simply because he is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations. That reasoning must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or

ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily circumvented. Indeed, the Eighth Circuit Court of Appeals has confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). *See also Hill*, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); *Abdullah*, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); *United States ex rel Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), *cert. denied*, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re: Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." *Abdullah*, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings

clause, because he had a reasonable opportunity to raise the current claims for relief in his direct appeal or in a timely § 2255 motion. Petitioner cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims in his direct appeal or in a timely § 2255 motion. *See Hill*, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

As the Court of Appeals pointed out in *Abdullah* –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting *Wolford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

Here, as in *Abdullah*, Petitioner had an opportunity to present his arguments on direct appeal, and in a timely § 2255 motion. Because Petitioner had an adequate procedural opportunity to raise this claim for relief in the past, he is barred from bringing that claim in a new § 2241 habeas corpus petition at this time.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges his Alabama criminal sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the

remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule; and (5) because Petitioner has had an adequate procedural opportunity to present his current claims, he cannot bring them in a § 2241 habeas corpus petition. Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action should be summarily dismissed for lack of jurisdiction. *See DeSimone*, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); *Abdullah*, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").[3]

---

[3] Petitioner's current challenge to his sentence is based on an extract from a single case, which is attached to his petition as "Exhibit A." Although Petitioner has not cited that case, the Court has been able to determine that it is *Parra-Felix v. Longley*, No. 11-97 Erie, (W.D.Pa. 2012), 2012 WL 2922740 (Report and Recommendation dated June 6, 2012, adopted by Order dated July 17, 2012, [reported at 2012 WL 2921505]). The Court finds nothing in *Parra-Felix* that supports the substantive argument that Petitioner is attempting to advance in this case – i.e., that his term of supervised release should be concurrent with his prison term. Ironically, however, *Parra-Felix* directly supports this Court's determination that Petitioner's current § 2241 habeas corpus petition must be summarily dismissed for lack of jurisdiction, pursuant to § 2255(e). *See Parra-Felix*, 2012 WL 2922740 at *3 (this case does not present the rare situation rendering § 2255 inadequate or ineffective... [so] this Court does not have jurisdiction and the instant action... must be dismissed").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed *in forma pauperis*, (Docket No. 2), be summarily denied. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Kruger v. Erickson*, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (*per curiam*) (IFP application should be denied where habeas petition cannot be entertained).

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**;

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**; and

3. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated:   March 27, 2014                              *s/Steven E Rau*
                                                     Steven E. Rau
                                                     U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 11, 2013,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.