UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-646(DSD/SER)

Lorendo Mobley,

       Petitioner,

v.                                        **ORDER**

United States of America,

       Defendant.

     Lorendo Mobley, #08178-002, Federal Medical Center, P.O. Box 4000, Rochester, MN 55903, pro se.

     Gregory G. Brooker, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for Respondent.

This matter is before the court upon the pro se objection by petitioner Lorendo Mobley to the report and recommendation of United States Magistrate Judge Steven E. Rau. Based on a review of the file, record and proceedings herein, and for the following reasons, the court overrules the objection.

**BACKGROUND**

On October 8, 2002, a federal jury in Alabama found Mobley guilty of conspiracy to possess and distribute crack cocaine, in violation of 21 U.S.C. § 846, and two counts of possessing a firearm in connection with a drug-related crime, in violation of 18 U.S.C. §§ 922 and 924. Mobley was sentenced to 229 months of imprisonment, consisting of 169 months on the controlled substance

offense, plus 60 months for the first firearm offense, to be served consecutively.  Mobley was also sentenced to 120 months of incarceration for the second firearm offense, to run concurrently with the sentence for the controlled substance offense.  The sentence also included a supervised release term of five years.  Mobley appealed unsuccessfully to the Eleventh Circuit Court of Appeals.  In June 2007, Mobley moved to vacate his convictions under 28 U.S.C. § 2255.  The court denied the untimely motion.  See United States v. Mobley, No. 02-000153, 2008 WL 686685, at *1 (S.D. Ala. Mar. 11, 2008).

On March 10, 2014, Mobley filed the instant 28 U.S.C. § 2241 petition in the District of Minnesota, where he is incarcerated.  The magistrate judge recommended dismissal.  Objections to the report and recommendation were due April 11, 2014, and no such objections were filed.  The court adopted the report and recommendation in its entirety and denied the instant application on April 17, 2014.  See ECF No. 5.  On April 23, 2014, the court received Mobley's objection to the report and recommendation.  On May 14, 2014, Mobley filed a motion to reconsider, explaining that his objection to the report and recommendation was untimely due to insufficient postage and requesting that the court vacate the order and judgment of April 17, 2014 and consider his objection.  See ECF No. 7.

**DISCUSSION**

Here, even if the court were to consider Mobley's untimely objection, it would be overruled on the merits. The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b).

Mobley argues that § 2255 is an "inadequate or ineffective" remedy, such that he may apply for a writ of habeas corpus pursuant to § 2241. The court disagrees. "A petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted). A remedy under § 2255 is not inadequate or ineffective merely due to a procedural barrier or because it is time-barred. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Specifically, § 2255 is not inadequate or ineffective simply because a petitioner has already filed a § 2255 motion or has been denied permission to file a second motion. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

Here, Mobley argues that the sentencing court should have ordered the term of supervised release to run concurrently with the term of imprisonment. Such an argument, however, is not "a challenge to a sentence *as executed* by the prison and parole authorities [that] may be made by petition for a writ of habeas

corpus, [but is] a challenge to the sentence *as imposed* [that] must be made under 28 U.S.C. § 2255." See Gomori v. Arnold, 533 F.2d 871, 875 (3d Cir. 1976) (emphasis added) (citations omitted) (collecting cases); see also United States v. Hutchings, 835 F.2d 185, 186 (8th Cir. 1987) (distinguishing § 2255 petitions challenging the validity of a sentence from § 2241 petitions "challenging the manner in which [a] sentence was being executed" (citation omitted)). A § 2241 petition arguing that supervised release should run concurrently with a term of incarceration presents issues properly asserted under § 2255. See, e.g., Bryant v. Samuels, No. 06-5396, 2006 WL 3437588, at *6 (D.N.J. Nov. 27, 2006). In short, petitioner attacks his sentence, meaning that the issues presented in the instant application are properly raised in a § 2255 motion.

A second or successive motion must be certified by a panel of the appropriate circuit court, and usually must contain newly discovered evidence or a new and previously-unavailable rule of constitutional law that is retroactive to cases on collateral review. See 28 U.S.C. § 2255(h). In the present case, petitioner did not receive a certification from the Eleventh Circuit to file a second § 2255 motion. See Villaneuva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred ... constitutes an adjudication on the merits for successive purposes."). Therefore,

4

even if the court were to consider the untimely objection, it would be overruled. As a result, the motion to reconsider is denied.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to reconsider [ECF No. 7] is denied.

Dated: June 9, 2014

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court